UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS AVALOS,<br><br>                Plaintiff,<br><br>        v.<br><br>DR. ASHBY, et al.,<br><br>                Defendants. | Case No. 24-cv-05581-RFL (PR)<br><br>**ORDER DENYING MOTION FOR AN INTERPRETER;**<br><br>**ORDER GRANTING MOTION TO STRIKE**<br><br>Dkt. Nos. 19, 21, 24 and 25 |

      Defendants move to withdraw their motion to extend time to file a dispositive motion. (Dkt. Nos. 24 and 25.)  Accordingly, the motion to withdraw is GRANTED and the motion to extend the filing deadline is DENIED.  The dispositive motion filing deadline remains **December 3, 2025**.  Plaintiff Avalos's opposition to defendants' motion shall be filed within 45 days after December 3, 2025.  Defendants' reply shall be filed within 15 days after the opposition has been filed.  The motion shall be deemed submitted on the day the reply brief is due.

      Avalos's motion for an interpreter for his deposition is DENIED. (Dkt. No. 21.)  As the deposition notice attached to Avalos's motion makes clear, such requests must be made to defense counsel, not the Court:  "If the deponent requires a language interpreter for the deposition, please advise defense counsel by September 1, 2025, the type of language interpreter needed so that arrangements can be made before the deposition." (*Id.* at 4.)  Because the deposition date has passed and because Avalos has not raised any post-deposition objections regarding an interpreter, the Court assumes appropriate arrangements were made.

Defendants' motion to strike Avalos's filing of medical documents without seeking leave of the parties or the Court is GRANTED. (Dkt. 19.) A month after the Order of Service issued, Avalos filed medical documents with a note saying, "Please add these documents to my case, as they are documents showing I recently had a heart attack and had surgery again, this time heart surgery due to heart attack caused by the pain and medications and complications due from the arm surgery issue." (Dkt. No. 18.)

It is not clear whether Avalos intends these records to be an amendment to his complaint or whether he is identifying the records as evidence of the harm he suffered on his existing claim based on his arm surgery. To the extent he is trying to amend his complaint, a party may not amend its pleading at this stage without obtaining the opposing party's written permission or the court's leave. Fed. R. Civ. P. 15(a)(2). Nor may a party supplement its pleadings without obtaining court permission. Fed. R. Civ. P. 15(d). Avalos has not obtained either permission from the opposing party or from the Court to amend his complaint, so the first amended complaint, Dkt. No. 12, filed on March 24, 2025, remains the sole operative complaint.

If Avalos intends instead to identify these medical records as evidence of his damages from the original claim about his arm surgery, the proper way to submit that evidence is as an exhibit to his forthcoming opposition to defendants' dispositive motion. If he wishes the Court to consider the evidence, he must attach it to his opposition brief at that time. In the meantime, the filing at Dkt. No. 18 is STRICKEN. Fed. R. Civ. P. 12(f).

The Clerk shall terminate Dkt. Nos. 19, 21, 24 and 25.

**IT IS SO ORDERED.**

**Dated:** November 4, 2025

RITA F. LIN
United States District Judge