UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE LUIS AVALOS,

          Plaintiff,

    v.

DR. ASHBY, et al.,

          Defendants.

Case No. 24-cv-05581-RFL (PR)


**ORDER RE:  DIRECTIONS TO
PLAINTIFF REGARDING SERVICE
OF DR. HATCH**


On or before **June 22, 2026**, Plaintiff Avalos must either himself serve Dr. Hatch, the unserved Defendant in this suit, with the summons and complaint, or provide the Court with his correct name and accurate current location such that the Marshal is able to serve Defendant.  If Avalos does not comply with these instructions by June 22, 2026, the claims against Dr. Hatch will be dismissed, judgment will be entered in favor of Defendants, and the case will be closed.

Dr. Hatch remains unserved, the summons having been returned as unexecuted because "no doctor by this name works at the hospital," that is, San Joaquin General Hospital.  (Dkt. No. 30 at 1.)  In cases wherein the plaintiff proceeds *in forma pauperis*, the "officers of the court shall issue and serve all process."  28 U.S.C. § 1915(d).  The Court must appoint the Marshal to effect service, *see* Fed. R. Civ. P. 4(c)(2), and the Marshal, upon order of the Court, must serve the summons and the complaint, *see Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994).  Although a plaintiff who is incarcerated and proceeding *in forma pauperis* may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge."  *Rochon v. Dawson*, 828

1

F.2d 1107, 1110 (5th Cir. 1987).

Service of process is required to take place within 120 days of the filing of the complaint absent a showing of "good cause." *See* Fed. R. Civ. P. 4(m).  Because Avalos's complaint was filed more than 120 days ago, Avalos must either provide sufficient information to allow the Marshal to locate and serve Dr. Hatch or arrange to serve Dr. Hatch himself, or provide good cause for his failure to do so.  Otherwise, Avalos faces dismissal of his claims against that Defendant.  *See Walker*, 14 F.3d at 1421-22 (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).

Accordingly, on or before **June 22, 2026**, Avalos must effectuate service or provide the Court with an accurate name and location for Dr. Hatch.  If Avalos does not meet that deadline, Avalos's claims against Dr. Hatch will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, judgment will be entered, and the suit closed.

**IT IS SO ORDERED.**

**Dated:**  April  17 , 2026

RITA F. LIN
United States District Judge

2